HARPER LAW, PLC
Jon V. Harper (1378)
Denise Dalton (9610)
Post Office Box 581468
Salt Lake City, Utah 84158
Telephone: 801-910-4357
Email: jharper@jonharperlaw.com

HUTTON LAW GROUP
Andrew W. Hutton
12760 High Bluff Drive, Suite 240
San Diego, California 92130
Telephone: 858-793-3500
Email: drew@law-hutton.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUST US REALTORS, LLC on Behalf of Itself and All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>vs.<br><br>NUDGE, LLC, BUYPD, LLC, INCOME PROPERTY USA, LLC, INSIDER'S CASH, LLC, RYAN POELMAN; GUARDIAN LAW, LLC, AMERICAN LEGAL & ESCROW, LLC, INVICTUS LAW, LLC, and BLAIR R. JACKSON,<br><br>                                  Defendants. | PROPOSED CLASS ACTION<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CERTIFICATION**<br><br>Case No. 2:18-cv-00128-TC<br><br>Judge Tena Campbell |

Plaintiff Just Us Realtors, LLC, on behalf of itself and others similarly-situated, by and through its counsel, has moved this Court for an order extending the 90-day time period following service of the complaint, set forth in DUCivR 23-1, for the proponent of a proposed class to file a motion that the action is maintainable as a class action. ECF No. 33.

Plaintiff moves to extend the date for filing Plaintiff's Rule 23 class certification motion so that a new motion date be set in connection with case scheduling under Rule 16 and DUCivR 16-1.  ECF No. 33.  Defendants oppose, instead picking a 60-day extension (to mid-August) without reference to case management.  ECF Nos. 34, 35, 36, 38.  The parties have since discussed their positions further during Plaintiff's unsuccessful attempt to schedule Rule 23 discovery.[1]  In sum, Defendants assert (without authority) that Rule 23 motions for class certification occur *before any discovery*.  But, expecting Plaintiff to file a Rule 23 motion for class certification without discovery is simply untenable and ignores the authority that permits Rule 23 discovery.

The parties do agree that Rule 23 requires a class determination "at an early *practicable* time."  Rule 23(c)(1)(A) (emphasis added).  And, "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiffs' cause of action.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) (quoting *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558 (1963)).  Likewise, a court must "probe behind the pleadings before coming to rest on the certification question."  *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

To probe behind the pleadings, it is not surprising therefore that discovery is *encouraged* to develop an evidentiary record for the Rule 23 determination.  *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 553 (5th Cir. 2011) (district courts are encouraged to allow the parties to conduct class certification discovery); *see also* Rule 23 advisory committee's notes ("... it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis.").

---

[1] Plaintiff requested a Rule 26(f) early meeting of counsel but that request was rejected because Defendants do not agree to any discovery pending their Rule 12(b) motions to dismiss.

Plaintiff's motion to extend time for class certification in the context of Rule 16 pretrial case management will permit this Court to reach the Rule 23 class determination "at an early *practicable* time" while providing a sensible plan for discovery that will provide evidentiary support for the class determination, in light of the case posture and practicalities.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to extend the 90-day period for filing a motion for certification by directing the parties to propose a new class certification motion date in the context of an overall case schedule under Rule 16.

DATED:  June 7, 2018.

                                HUTTON LAW GROUP
                                HARPER LAW, PLC


                                */s/ Jon V. Harper*
                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I caused a true and correct copy of the foregoing **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CERTIFICATION** to be electronically filed via the court's CM/ECF system which will send notification to the following:

Keith A. Call
Adam M. Pace
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Salt Lake City, Utah 84145-5000
Attorneys for American Legal & Escrow, LLC,
Invictus Law, LLC and Blair R. Jackson

Gregory J. Christiansen
GUARDIAN LAW, LLC
770 East Main Street Suite 242
Lehi, Utah 84043
Attorneys for Guardian Law, LLC

Matthew C. Barneck
John E. Keiter
RICHARDS BRANDT MILLER NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
Salt Lake City, Utah  74110-2465
Attorneys for Insider's Cash, LLC

Graden P. Jackson
H. Scott Jacobson
STRONG & HANNI
9350 South 150 East, Suite 820
Salt Lake City, Utah 84070
Attorneys for Nudge, LLC, BuyPD, LLC,
Income Property, USA, LLC, and
Ryan Poelman

　　　　　　　　　　　　　　　　　　　／s／　　Jon V. Harper