IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUST US REALTORS, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>NUDGE, LLC, BUYPD, LLC, INCOME PROPRTY USA, LLC et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CERTIFICATION<br><br>Case No. 2:18-cv-128 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A).[1] Plaintiff seeks an extension of time to file a motion for class certification.[2] Multiple Defendants oppose the motion and join in the opposition filed by Defendants American Legal & Escrow, LLC, Invictus Law, LLC and Blair Jackson.[3] As set forth below the court will GRANT the motion.

This case is a proposed class action brought on behalf of individuals and entities that were offered to purchase real estate presented by Defendants at "Buying Summit" events.[4] Plaintiff alleges Defendants did not own certain "turnkey assets" that were offered for sale at these events and Defendants engaged in a conspiracy to fraudulently sell the properties. Plaintiff seeks an order extending the 90-day time-period following service of the Complaint to file a motion seeking class certification. Plaintiff argues the extension is necessary because there are

---

[1] ECF No. 42.

[2] Motion, ECF No. 33.

[3] *See* ECF No. 34, ECF No. 35, ECF No. 36 and ECF No. 39.

[4] Complaint ¶ 1, ECF No. 2.

efficiencies that will be gained to defer class certification until after Defendants' Rule 12(b) motions to dismiss are decided.

Defendants oppose Plaintiff's motion arguing Plaintiff is basically seeking to rescind Local Rule 23-1(d), and the Federal Rule equivalent found in Rule 23, making them non-existent. Plaintiff cannot seek class certification "'at their own leisure and when it is most convenient for them.'"[5] Further, there are important reasons for deciding the class question earlier including the need to define the scope of discovery and prevent a "large-scale fishing expedition."[6] As such, Defendants propose any extension be limited to "60 additional days."[7]

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure requires the court determine whether to certify an action as a class action "[a]t an early practicable time" after a claim is filed.[8] The Tenth Circuit has not specifically articulated the exact criteria for what constitutes an "early practicable time," but it has stated that "[i]n practice, however, this decision may take time."[9] Thus, there may be valid reasons that justify the deferral of deciding whether or not to certify a class.

Local Rule 23-1(d), which is the counterpart to the Federal Rule, provides, in relevant part:

> Unless the court otherwise orders, the proponent of a class shall file a motion for certification that the action is maintainable as a class action within ninety (90) days after service of a pleading purporting to commence a class action . . . .[10]

---

[5] Op. p. 2, quoting *Timothy v. Aqua Finance, Inc.*, No. 2:06-cv-921, 2007 WL 4299808, *5 (D. Utah Dec. 7, 2007) (unpublished).

[6] Op. p. 3.

[7] *Id.* p. 4.

[8] Fed. R. Civ. P. 23(c)(1)(A).

[9] *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 2008 WL 4183339, *9 (10th Cir.2008). *See also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1785.3 (3d ed. 2005) ("The reference to 'at an early practicable time' recognizes that there may be many valid reasons justifying the deferral of the initial certification decision....").

[10] DUCivR 23-1(d).

Based on a plain reading of the Local Rule, the court finds there is flexibility in postponing whether to certify a class.

This case is not analogous to *Timothy v. Aqua Finance, Inc.*,[11] which Defendants cite in support of their arguments against an extension. In *Timothy*, the Plaintiffs "provided no explanation for their failure to attempt to conduct the necessary discovery at the earliest possible time."[12] Rather, they served class-related discovery requests near the end of discovery. Here, there is not the same delay by Plaintiff. The court, therefore finds the reasoning in *Timothy* unpersuasive.

In *Trevizo v. Adams*,[13] the Tenth Circuit stated that the onus is on the court to decide whether class certification is appropriate "irrespective of whether the parties have requested class action status."[14] Thus, the court must take an active role in deciding whether class certification is appropriate before such a determination is impracticable. This case is in its relative infancy and there are four motions to dismiss currently pending. Efficiencies will be gained by postponing the class certification decision until after the motions to dismiss are decided. There is no need for an open-ended date that Defendants argue eviscerates the Rules. Rather, a 90-day extension in accordance with Plaintiff's motion is warranted and will provide some definiteness to deciding the class certification issue.

---

[11] 2007 WL 4299808.

[12] *Id.* at *5.

[13] 455 F.3d 1155, 1161 (10th Cir. 2006).

[14] *Id.* at

## CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Extension of Time to File Motion for Certification is GRANTED.

DATED this 15 August 2018.

Brooke C. Wells
United States Magistrate Judge