HARPER LAW, PLC
Jon V. Harper (1378)
Denise Dalton (9610)
Post Office Box 581468
Salt Lake City, Utah 84158
Telephone: 801-910-4357
Email: jharper@jonharperlaw.com

HUTTON LAW GROUP
Andrew W. Hutton
12760 High Bluff Drive, Suite 240
San Diego, California 92130
Telephone: 858-793-3500
Email: drew@law-hutton.com

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUST US REALTORS, LLC on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUDGE, LLC, BUYPD, LLC, INCOME PROPERTY USA, LLC, INSIDER'S CASH, LLC, RYAN POELMAN; GUARDIAN LAW, LLC, AMERICAN LEGAL & ESCROW, LLC, INVICTUS LAW, LLC, and BLAIR R. JACKSON,<br><br>Defendants. | <u>PROPOSED CLASS ACTION</u><br><br>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Case No. 2:18-cv-00128-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, Just Us Realtors, LLC ("Plaintiff"), individually and on behalf of all others

similarly situated, and pursuant to this Court's Order dated June 19, 2019, brings its Motion for

- 1 -

Leave to File Amended Complaint.  The proposed Amended Complaint is attached hereto as Exhibit A.

**GROUNDS FOR MOTION AND RELIEF SOUGHT**

By Order dated June 19, 2019 ("Order") this Court dismissed without prejudice Plaintiff's initial complaint ("Complaint") while permitting Plaintiff "to file a motion to amend with a proposed amended complaint to cure the pleading deficiencies discussed below [in the Order]." Order at 2.

The curable deficiencies concern (i) pleading the "pattern of racketeering" element of 18 U.S.C. §1962, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and pleading the related fraud claims; and (ii) pleading the amount in controversy under 28 U.S.C. §1332; specifically, for diversity jurisdiction ($75,000 threshold) and for Class Action Fairness Act ("CAFA") jurisdiction ($5,000,000 threshold).

The proposed amendment cures the RICO and underlying fraud allegations by (i) specifying each defendant that caused or reasonably foresaw the use of mail or wires, in violation of 18 U.S.C. §1341 (mail fraud) and 18 U.S.C. §1343 (wire fraud); (ii) specifying each defendant that caused inducement of interstate travel in violation of 18 U.S.C. §2314 (the "Travel Act"); and (iii) replacing terms "Property Defendants," "Attorney Defendants" and "Defendants" with the names of the specific defendants, stating their role and specifying who is connected to the fraudulent statements.

The proposed amendment also cures allegations giving rise to jurisdiction under 28 U.S.C. §1332, specifying the amount in controversy for diversity and CAFA jurisdiction.  Finally, the

proposed amendment includes allegations in accord with the curing allegations, addresses issues raised by the motions to dismiss, and incorporates Plaintiff's recent investigation.

Thus, pursuant to the Order, Rules 7 and 15 of the Federal Rules of Civil Procedure and DUCivR 7-1 and 15-1, Plaintiff respectfully asks this Court to GRANT its motion to file the proposed Amended Complaint attached hereto as Exhibit A.

## THE COURT'S ORDER PERMITTING THIS MOTION

By its Order, the Court ruled that Plaintiff adequately alleged all defendants (except for Invictus Law) were members of a RICO enterprise in which each of them participated.  Order at 9 ("Just Us Realtors has adequately pled the existence of an enterprise composed of every Defendant but Invictus Law" and "has alleged that all but one of the Defendants (i.e., Invictus Law) participated in the operation of the enterprise.").

For allegations of mail fraud and wire fraud, the Court ruled that Plaintiff "adequately stated the time, place, and nature of the allegedly false statements that underlie its claims of fraud" (*Id*. at 14) and that "[t]he complaint does contain some concrete allegations of wire use . . . one from American Legal & Escrow, and another from Mr. Payne, who represented BuyPD." *Id*. at 16.   Further, the Court ruled Plaintiff "adequately alleged injury to its business, as well as causation. . . ." *Id*. at 18 ("As for causation, Just Us Realtors alleges—and facts support—that "'[h]ad Ms. Hoard and/or Mr. Foster known the truth about [the house] . . . they would not have permitted Defendants to consummate the . . . real estate transaction.'").

However, the Court concluded that "pattern of racketeering" allegations needed to be tied to the particular defendants that "caused or reasonably foresaw the use of mail or wires" and needed to identify who was behind the false statements. *Id*. at 14-15.  The Court noted these

allegations were curable, at least in part, because "[t]he complaint does contain some concrete allegations of wire use" (Order at 16) and the Court pointed to record documents saying "[t]hese documents suggest that Just Us Realtors had the ability to identify the specific Defendants who made the allegedly fraudulent statements . . . ." *Id*. at 15, n. 4.

Without a basis for 28 U.S.C. §1331 federal question jurisdiction, the Court turned to allegations invoking 28 U.S.C. §1332 (diversity and CAFA jurisdiction) but ruled these allegations needed more specificity to be able infer damages in excess of $75,000 for Plaintiff and to be able to infer at least $5 million claimed harm by the prospective class. *Id*. at 19.

Thus, without a basis for federal jurisdiction, the Court declined to reach the sufficiency of Plaintiff's supplemental state law claims but indicated defendants' arguments bearing on property conveyance documents and legal disclaimers "are best resolved after discovery." Order at 4, n. 1 (citing *Grigsby v. Income Prop. USA, LLC*, No. 2:17-cv-011100-RJS, 2018 WL 4621766, at *11 (D. Utah Sept. 26, 2018) (declining to consider the effect of a "Conflict of Interest Disclosure" for the purpose of deciding a breach of fiduciary duty claim on a motion to dismiss).

The Court concluded that Plaintiff could cure the allegations ruled deficient by permitting Plaintiff to move the Court for leave to amend and attaching a proposed amendment. Order at 20.

## LEGAL STANDARD

Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." F.R.C.P. 15(a)(2). In this Circuit, "[t]he liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each

claim to be decided on the merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### THE PROPOSED AMENDMENT SHOULD BE GRANTED

The legal standards as applied here clearly point to granting amendment.  First, the Court allowed Plaintiff to file a proposed amendment.  In doing so, the Court noted that amendment would allow Plaintiff to cure pleading deficiencies and even referenced record documents that contain facts, if alleged, could cure deficiencies.  Order at 15, n. 4.  There is no undue delay, bad faith or dilatory tactics because the Court has permitted Plaintiff to file its motion for leave to amend and Plaintiff has done so within the Court-ordered deadline.

The proposed amendment would be Plaintiff's first, so this is not an instance where a plaintiff failed to cure deficiencies previously allowed.  Likewise, there has been no case management conference, no pretrial schedule, no discovery, and the case is in its early stages.  Even if the case were farther along, amendment would not be dilatory under the legal standard. *Cobalt Flux, Inc. v. Positive Gaming*, 2008 U.S. Dist. LEXIS 78175 (D. Utah 2008) (amendment adding cause of action and new information was justified, even while motions to dismiss were pending and hearing set because "[n]o discovery has taken place and no trial has been set").

For the same reasons, defendants suffer no undue prejudice from the amendment. *Velocity Press, Inc. v. Key Bank, Inc.*, 2010 U.S. Dist. LEXIS 15642 (D. Utah 2010) ("defendants will not

be prejudiced by Plaintiff's amendment. . . .  Defendants had yet to hold a single deposition. . . . [and] no discovery has occurred.").  Again, no discovery has occurred, and Plaintiff's amendment alleges the same core operative facts, with the amendment providing greater specificity and particularity.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment'" *Cobalt Flux* at *4 (citations omitted).  Here, defendants simply cannot claim unfair prejudice in light of greater specificity.

## THE AMENDMENT IS NOT FUTILE

Finally, and for the following reasons, amendment is not futile.

"Pattern of Racketeering" and Related Fraud Amendments Are Specific as to Each Defendant

As explained by the Court, "[t]o sustain a claim under 18 U.S.C. § 1962(c), a plaintiff must plead that each defendant engaged in a pattern of racketeering activity by committing at least two predicate acts."  Order at 13 (emphasis in original).  Although there are "close relationships between the Defendant entities," the Court noted the allegations too often referenced "Property Defendants," or "Defendants" without specifying which particular defendant was connected to the predicate acts for purposes of the "pattern of racketeering" analysis.  *See e.g.*, *Id*. at 16 ("its [Travel Act] allegations are hamstrung by its reference to the "Property Defendants" broadly and not any individual Defendant.")

As explained in the Order, to violate 18 U.S.C. §1341 (mail fraud) and §1343 (wire fraud), "[t]he communications themselves need not contain false representations" because "[i]t is sufficient for the mailing to be 'incident to an essential part of the scheme,' or 'a step in [the] plot.'"  *Id*. at 13, quoting *Schmuck v. United States*, 489 U.S. 705, 710–11 (1989).  "Nor does defendant need to use the mails himself."  *Id*. at 14.  It is sufficient to allege and prove that "the

perpetrator does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended.'" *Id*., citing *U.S. v. Zander*, 794 F.3d 1220, 1226 (10th Cir. 2015) (citations omitted). Similarly, to constitute a violation of the Travel Act, 18 U.S.C. §2314, "it is not necessary to show that [the perpetrator] actually mailed or transported anything themselves; it is sufficient that they caused it be done." *Pereira v. U.S*., 347 U.S. 1, 8 (1954).

Under these standards, the amendment cures the "pattern" allegations because the amendment alleges, *inter alia*, that each defendant (except for Invictus Law, LLC) was engaged in a pattern of racketeering activity:

- 28 U.S.C. § 2314 (Travel Act) violations – Defendants Ryan Poelman ("Poelman"), Nudge, LLC, BuyPD, LLC, Income Property USA, LLC and Insider's Cash, LLC (collectively, the "Poelman Defendants") caused the inducement of aspiring real estate investors to travel interstate to attend Defendants' Buying Summit, in furtherance of the fraudulent scheme. *See, e.g*., Exhibit A ("Ex. A"), ¶¶ 179-181.

- 28 U.S.C. § 1343 (Wire Fraud) violations – the Poelman Defendants caused, or reasonably foresaw, use of interstate wires to identify, solicit and recruit Plaintiff and members of the Class to attend the Buying Summit events, in furtherance of the fraudulent scheme. *See, e.g*., Ex. A, ¶¶ 186-188.

- 28 U.S.C. § 1343 (Wire Fraud) violations – the Poelman Defendants, along with defendants Blair Jackson, Guardian Law, LLC and American Legal & Escrow, LLC (collectively, the "RICO Defendants") caused, or reasonably foresaw, use of interstate wires to induce and consummate fraudulent real estate purchases and loans with Plaintiff and the Class, in furtherance of the fraudulent scheme. *See, e.g*., Ex. A, ¶ 188.

- 28 U.S.C. § 1341 (Mail Fraud) violations – the RICO Defendants caused, or reasonably foresaw, use of U.S. mails for interstate transport of purchase and loan transaction documents on behalf of Plaintiff and the Class, in furtherance of the fraudulent scheme. *See, e.g*., Ex. A, ¶¶ 182-185.

The amendment also cures the related fraud claims because it specifies <u>who</u> was involved in the fraudulent scheme, their role, and <u>who</u> made the fraudulent statements or material omissions:

- Specific role and fraudulent statements and omissions of defendant Ryan Poelman and his controlled entities, Nudge, LLC, BuyPD, LLC, Income Property USA, LLC and Insider's Cash, LLC.  *See, e.g.*, Ex. A, ¶¶ 38-60.

- Specific role of and falsity about Insider's Cash, LLC.  *See, e.g.*, Ex. A, ¶¶ 61-71.

- Specific role and concealment of material facts by defendant Blair Jackson, and his firms Guardian Law, LLC and American Legal & Escrow (attorneys assigned to help Plaintiff and the Class) that were secretly beholden to defendant Poelman.  *See, e.g.*, Ex. A, ¶¶ 72-82.

- Specific role of defendant Invictus Law, LLC and how that firm participated in the conspiracy, and its aiding and abetting the attorney Defendants' breaches of fiduciary duty.  *See, e.g.*, Ex. A, ¶¶ 26, 28, 44, 75-76, 87.

Plaintiff also amends the RICO allegations to include violation of 18 U.S.C. § 1962(a) against Insider's Cash, IPUSA and Guardian Law, because they each received income derived from the same pattern of racketeering activity and used proceeds of such income in the conduct of the Enterprise.  Ex. A, ¶ 173.  This amendment includes information learned after the initial complaint was filed.

<u>Amendments to 28 U.S.C. §1332 Allegations Specify Amounts in Controversy</u>

The amendment also cures the amount in controversy allegations.  For the $75,000 diversity threshold, the Court has already identified allegations that Plaintiff "allegedly paid approximately $15,200 more than the house was worth, $4,448.30 in transaction fees, and $31,194 to attend the Buying Summit and other seminars—amounts totaling just under $51,000."  Order at 19.  Plaintiff's proposed Amended Complaint now quantifies Plaintiff's rescission claims as

totaling over $100,000.  Ex. A, ¶ 15.  When including $100,000 with the claimed damages there is well over $75,000 in controversy for Plaintiff's individual claim.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 329 (3d Cir. 2009) (in addition to $16,000 itemized "out of pocket expenditures," Plaintiff sought rescission for the sale of a boat, increasing amount in controversy to over $85,000).

For the $5 million CAFA threshold, Plaintiff's proposed Amended Complaint clarifies that based on approximately 2,000 estimated Class members, the Class paid Defendants over $20 million to attend the fraudulent Buying Summit; at least $10 million in the purchase of distressed and overpriced properties; and at least $5 million in unnecessary fees and/or costs associated with the allege fraudulent transactions.  On top of those amounts (totaling $35 million), the rescission claim is in excess of $80 million.  Ex. A, ¶ 16.

## CONCLUSION

For the foregoing reasons, Plaintiff Just Us Realtors respectfully asks this Court to GRANT Plaintiff's motion to file the proposed Amended Complaint attached hereto as Exhibit A.


DATED:  July 17, 2019

HARPER LAW, PLC

*/s/ Jon V. Harper*


HUTTON LAW GROUP

Attorneys for Plaintiff

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I caused a true and correct copy of the foregoing

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** to be electronically filed via

the court's CM/ECF system which will send notification to the following:

Keith A. Call
Adam M. Pace
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Salt Lake City, Utah 84145-5000
Attorneys for American Legal & Escrow, LLC,
Invictus Law, LLC and Blair R. Jackson

Gregory J. Christiansen
GUARDIAN LAW, LLC
770 East Main Street Suite 242
Lehi, Utah 84043
Attorneys for Guardian Law, LLC

Matthew C. Barneck
John E. Keiter
RICHARDS BRANDT MILLER NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
Salt Lake City, Utah 74110-2465
Attorneys for Insider's Cash, LLC

Graden P. Jackson
H. Scott Jacobson
STRONG & HANNI
9350 South 150 East, Suite 820
Salt Lake City, Utah 84070
Attorneys for Nudge, LLC, BuyPD, LLC,
Income Property, USA, LLC, and
Ryan Poelman

/s/      Jon V. Harper