# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUST US REALTORS, LLC on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUDGE, LLC ET AL.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [74] MOTION FOR LEAVE TO AMEND AND GRANTING IN PART [89] MOTION FOR STAY**<br><br>Case No. 2:18-CV-00128-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Just Us Realtors' (Plaintiff) Motion for Leave to File Amended Complaint (Motion to Amend) (ECF 74) and Defendants BuyPD (BuyPD), Income Property USA (Income), Nudge, LLC (Nudge), and Ryan Poleman's (Poleman) (collectively Nudge Defendants) Motion to Stay (ECF 89) referred to the undersigned from Judge Nielsen in accordance with 28 U.S.C. § 636(b)(1)(A). The court notes this is a procedurally complicated matter with no perfect solution. For the reasons set forth below the court GRANTS in part the Motion to Stay and GRANTS in part the Motion to Amend.

## I. BACKGROUND

Plaintiff, on behalf of itself and all others similarly situated[1], filed this putative class action against nine defendants, which include a number of individuals and limited liability corporations that allegedly sold and financed real estate through investor training seminars. Plaintiff's original complaint (Complaint) alleged defendants misrepresented the ownership and value of the real estate they offered for sale and fraudulently induced it and other investors to

---

[1] The court has not yet certified this action as a class action.

overpay for property (ECF 2).  On June 19, 2019, Judge Campbell granted defendants' motions to dismiss (ECF 24, 26, 28, 29) and dismissed the Complaint without prejudice (ECF 72).  In her Order Judge Campbell ordered Plaintiff to file a motion to amend its complaint, along with a proposed amended complaint, within twenty-eight days.

On July 17, 2019, Plaintiff filed the pending Motion to Amend contending its proposed amended complaint (Amended Complaint) (ECF 74 at 1) cured the deficiencies outlined in Judge Campbell's Order by: 1) specifying each defendant that caused or reasonably foresaw the use of mail or wire in violation of 18 U.S.C. § 1341 and § 1343; 2) specifying each defendant that caused inducement of interstate travel in violation of 18 U.S.C. § 2314; and 3) replacing terms "Property Defendants," "Attorney Defendants," and "Defendants" with the names of the specific defendants, stating their role and specifying who is connected to the fraud.  Plaintiff also alleges the Amended Complaint cures deficiencies related to jurisdictional issues and the amount in controversy, addresses issues raised by defendants' motions to dismiss, and incorporates allegations uncovered during Plaintiff's investigation.  In response, Defendants American Legal & Escrow, LLC, Invictus Law, LLC, and Blair Jackson (collectively Jackson Defendants), Insider's Cash, LLC (Insider's Cash"), Guardian Law, LLC (Guardian Law), and the Nudge Defendants filed respective oppositions to the Motion to Amend (ECF 81, 82, 83, 84).  In general, all four groups of defendants (Jackson Defendants, Guardian Law, Insider's Cash, and Nudge Defendants) request the court deny Plaintiff's Motion to Amend on futility grounds.

Prior to any ruling on the Motion to Amend, on December 19, 2019, Chief Judge Robert J. Shelby issued a preliminary injunction in a matter involving the Federal Trade Commission (FTC), Utah Division of Consumer Protection, and a number of defendants including three of the

Nudge Defendants—BuyPD, Nudge and Poleman ("FTC Matter").[2] In the Stipulated Preliminary Injunction (Preliminary Injunction), Judge Shelby enjoined BuyPD, Nudge, Poleman, and "other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons . . . from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of Defendants, including but not limited to: "[c]ommencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding."[3] The Preliminary Injunction is in "full force and effect until entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities unless sooner modified or dissolved" (FTC Matter, ECF 89 at 9).

On January 3, 2020, the Nudge Defendants filed the pending Motion to Stay requesting the court stay all proceedings in this matter until "entry of a final judgment in the FTC litigation or until the Preliminary Injunction is otherwise modified or dissolved" (ECF 89). Jackson Defendants filed a partial objection to the Motion to Stay (ECF 90) arguing that if the court was to deny the motion to amend, it could proceed with the present matter, but granting leave to amend would require a stay "in order to comply with the injunction" (ECF 90 at 1). Jackson Defendants also filed a reply to Plaintiff's opposition clarifying their narrow objection that Judge Shelby's Preliminary Injunction "by its express terms, enjoins Plaintiff from taking any further action in this matter relating to defendants Nudge, BuyPD, and Ryan Poleman without first

---

[2] *See Federal Trade Commission et al v. Nudge LLC et al.*, Case No. 2:19-cv-00867-DBB-EJF (D. Utah) at ECF 89. Income is not a named party in the FTC Matter (ECF 89). However, without explanation, the Nudge Defendants argue the Motion to Stay applies to Income (FTC Matter, ECF 89). A logical conclusion is that because the Preliminary Injunction applies to "subsidiaries, affiliates, successors and assigns" Income would be included. *Id.* However, because that has not been made clear the court cannot confirm the Preliminary Injunction applies to Income.

[3] Per ECF 93 in the FTC Matter, the Complaint is currently under seal, so the court does not reference its specific factual allegations herein. Nonetheless in reviewing the Complaint and the Preliminary Injunction in the FTC Matter, while the claims of relief differ from the present matter, the underlying factual premise is similar to the present matter.

obtaining leave from Judge Shelby" in the FTC matter (ECF 92 at 2). The Jackson Defendants reiterated their position that this court could proceed, but if the court was inclined to grant the motion to amend, a stay is necessary because "it would be impossible to prosecute or defend the matter going forward without violating the injunction" where the parties are "lumped" together and there is no way to parcel out the claims against particular defendants (ECF 92 at 2).

Plaintiff filed an opposition to the stay arguing Judge Shelby's Preliminary Injunction does not stay all proceedings against all the defendants in the present matter, is unduly prejudicial to Plaintiff, and that the court should rule on Plaintiff's Motion to Amend prior to considering a stay (ECF 91). Plaintiff argues there is a way to proceed in the present matter as to the remaining six defendants and not violate the Preliminary Injunction (ECF 74). Defendants Insider's Cash and Guardian Law did not file papers in response to the Motion to Stay.

## II. DISCUSSION

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend when justice so requires. "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

Plaintiff's Amended Complaint asserts causes of action against all defendants collectively including fraud, violations of 18 U.S.C. § 1962, the Racketeering Influenced and Corrupt Organizations Act (RICO claims), civil conspiracy, and breach of fiduciary duty. Judge Campbell in her Order Granting Motion to Dismiss (ECF 72) directed Plaintiff to submit a complaint that alleges at least two predicate acts as to each defendant, sufficiently pleads an amount in controversy over $75,000, pleads underlying fraud with specificity in accordance with

FRCP 9(b), and sufficiently alleges Invictus Law participated in the operation of the larger enterprise, which the Plaintiff has cured. However, the proposed Amended Complaint cannot be litigated as to Buy PD, Nudge, and Poleman. While the interests of justice warrant granting Plaintiff leave to amend, Plaintiff will need to re-file a motion to amend and proposed amended complaint that complies with the Preliminary Injunction and the stay as further set forth below.

### B. Motion to Stay

The court has inherent power to stay proceedings in matters pending before it. *See Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 (1997). In exercising this judgment, factors "'relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.'" *Miller v. Basic Research, LLC*, 2001 WL 818150 (D. Utah Mar. 2, 2011) (quoting *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. 2008)).

Having considered these factors, the court finds that in order to avoid confusion, inconsistent results, to promote judicial economy, and to comply with the Preliminary Injunction, the court must stay the case as to BuyPD, Nudge and Poleman. While a party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward," given the Preliminary Injunction entered in the FTC Matter, the standard is shadowed by that ruling as to BuyPD, Nudge and Poleman. *See Miller v. Basic Research*, LLC, 2011 WL 818150 (D. Utah March 2, 2001). No party objects to a stay that applies to these three defendants. There is disagreement as the remaining six defendants.

Addressing the remaining six defendants Income, the Jackson Defendants, Insider's Cash and Guardian, judicial economy weighs against issuing a stay, assuming Plaintiff can submit a proposed complaint and path forward that does not violate the Preliminary Injunction. The court recognizes that Plaintiff and each defendant has different interests in this matter and that the claims at issue in the present suit and the FTC Matter appear to be different. However, the underlying factual premise appears to be the same. The present proposed Amended Complaint (ECF 74 at 1) has extensive interconnection and overlap between the theories alleged against all of the defendants in the present matter such that it seems difficult, if not impossible, to separate the claims against BuyPD, Nudge and Poleman from the facts and claims against the other six remaining defendants. However, Plaintiff argues that careful case management could allow the claims to proceed against the six other defendants but does not offer a specific path for how that can be achieved. For the time being, in trying to balance all the competing interests, the court will allow Plaintiff leave to file a second motion to amend with a proposed amended complaint that addresses the path forward.

No party directly addresses the risk of inconsistent results and/or conclusions. However, the Jackson Defendants argue that given the intertwined nature of Plaintiff's claims against all the defendants in the present matter "there would be no way for Plaintiff to prosecute its claim, seek class certification or for the Jackson Defendants to defend against Plaintiff's claims without involving the" Nudge Defendants (ECF 92 at 2). This matter is still at its infancy. Although the case was filed just over a year ago, only the motions to dismiss decided by Judge Campbell have been litigated. There is currently no scheduling order in place and therefore no discovery has been exchanged or depositions conducted. Plaintiff has also not filed its motion for class

certification. Given the infancy of this case, the court cannot discern if the Jackson Defendants' argument is accurate but will allow Plaintiff the opportunity to prove otherwise.

With regard to the prejudice factor, Plaintiff argues the litigation in the FTC matter "is unclear and could significantly delay" the present matter (ECF 91 at 8). The court acknowledges a stay for the Plaintiff is burdensome and prolongs the litigation and therefore weighs in favor of denying the stay as to the remaining defendants. Given the Preliminary Injunction, and in considering all of the competing interests at play including the infancy of this matter, it is difficult to see how the matter could proceed in a way that would be efficient for Plaintiff, the other defendants, and the court. However, balancing all these together, the court concludes that Plaintiff should be afforded an opportunity to address all of these issues. Plaintiff must provide the court with insight as to how this matter may proceed, in addition to meeting each element of the claims and diversity jurisdiction, in its second motion to amend and proposed amended complaint.

## ORDER

IT THEREFORE ORDERED that Nudge Defendants' Motion to Stay (ECF 89) is hereby GRANTED IN PART. This matter is stayed only as to defendants BuyPD, Nudge, and Poleman until the FTC Matter is resolved, or a party seeks relief from the stay.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (ECF 74) is GRANTED IN PART. Plaintiff must file a motion to amend and proposed amended complaint that complies with this order within twenty-eight (28) days.

DATED this 31 March 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah